HILL, BETTS & NASH LLP
One World Financial Center
200 Liberty Street, 26th Floor
New York, New York 10281
(212) 839-7000
*Attorneys for Third-Party Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SUSAN WHALEN and DANIEL WHALEN,                    11 cv 7572 (LTS)

                Plaintiffs,

   -against-
                                                  **AMENDED**
                                                  **THIRD-PARTY**
MARINER III OF FLORIDA, INC.                     **ANSWER**

                Defendant.

----------------------------------------------------------------x
MARINER III OF FLORIDA, INC.,

                Third-Party Plaintiff,

   -against-

M/V SPRING TIME, *in rem*, John Doe and Doe Corp.,
as owners of the vessel SPRING TIME, *in personam*,

                Third-Party Defendants.
----------------------------------------------------------------x

      Defendants M/V SPRING TIME, *in rem*, and Onyx International, Ltd., *in personam*, (collectively "Third-Party Defendants"), by their attorneys Hill, Betts & Nash LLP, as and for their Answer to the Third-Party Complaint, allege upon information and belief as follows:

      1.    Neither admit nor deny the allegations in paragraph 1 but leave the Third-Party Plaintiff to its proofs.

2. Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 2 of the Third-Party Complaint and defer all conclusions of law to the Court.

3. Admit the allegations contained in paragraph 3 of the Third-Party Complaint.

4. Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 4 of the Third-Party Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 5 of the Third-Party Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 6 of the Third-Party Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 7 of the Third-Party Complaint.

8. Deny the allegations contained in paragraph 8 of the Third-Party Complaint.

9. Deny the allegations contained in paragraph 9 of the Third-Party Complaint.

## FIRST CLAIM FOR RELIEF

### NEGLIGENCE
(*In Personam*)

10. Third-Party Defendants repeat and reallege each and every admission, denial and response to paragraphs 1 through 9 of the Third-Party Complaint with the same force and effect as if fully set forth and repeated at length herein.

11. Deny that the M/V SPRING TIME created an unreasonably large and dangerous wake and/or that an unreasonable risk of harm to others upon navigable waters of the United States was created by the Third-Party Defendants.

12. Deny all allegations contained in paragraph 12 of the Third-Party Complaint.

13. Deny the allegations contained in Paragraph 13 of the Third-Party Complaint.

## COUNT II

## NEGLIGENCE OR UNSEAWORTHINESS
### (*In Rem*)

14. Third-Party Defendants repeat and reallege each and every admission, denial and response to paragraphs 1 through 13 of the Third-Party Complaint with the same force and effect as if fully set forth and repeated at length herein.

15. Deny the allegations contained in Paragraph 15 of the Third-Party Complaint.

16. Deny the allegations contained in Paragraph 16 of the Third-Party Complaint.

## AS AND FOR A FIRST DEFENSE

17. The Third-Party Complaint fails to state a cause of action upon which relief can be granted as to Defendant/Third-Party Plaintiff MARINER III OF FLORIDA, INC.

## AS AND FOR A SECOND DEFENSE

18. This action is barred by laches or the applicable statute of limitations.

## AS AND FOR A THIRD DEFENSE

19. Whatever injuries Plaintiff may have sustained at the time and place alleged in the Complaint were caused in whole or in part by the culpable conduct, negligence and/or want of care on the part of Defendant/Third-Party Plaintiff and without any negligence, fault or want of care on the part of the Third-Party Defendants.

## AS AND FOR A FOURTH DEFENSE

20. The action is barred by Plaintiff's assumption of the risk for the activity Plaintiff was doing at the time of the occurrence in that said risks and dangers were open, obvious, apparent and known to the Plaintiff.

## AS AND FOR A FIFTH DEFENSE

21. Whatever injuries Plaintiff may have sustained at the time and place alleged in the Third-Party Complaint were caused solely, or contributed to, by acts or omissions of third parties over whom Third-Party Defendants exercised no control.

## AS AND FOR A SIXTH DEFENSE

22. To the extent Plaintiff sustained any injuries or suffered any medical conditions, which is denied, said injuries or conditions existed, in whole or in part, prior to the incident alleged in the Third-Party Complaint.

## AS AND FOR A SEVENTH DEFENSE

23. M/V SPRING TIME was not involved in creating an unreasonable wake.

## AS AND FOR AN EIGHTH DEFENSE

24. Defendant/Third-Party Plaintiff's vessel, the MARINER III, was not seaworthy on the date of the incident.

## AS AND FOR A NINTH DEFENSE

25. Defendant/Third-Party Plaintiff negligently operated the vessel, MARINER III, so as to cause or contribute to Plaintiff's alleged injuries.

## AS AND FOR A TENTH DEFENSE

26. Defendant/Third-Party Plaintiff failed to comply with the Inland Rules of the Road on the date of the incident.

## AS AND FOR AN ELEVENTH DEFENSE

27. Defendant/Third-Party Plaintiff failed to comply with U.S. Coast Guard regulations for reporting marine accident and injuries on the date of the incident.

## AS AND FOR A TWELFTH DEFENSE

28. Defendant/Third-Party Plaintiff failed to provide timely and adequate medical care to the Plaintiff.

### AS AND FOR A THIRTEENTH DEFENSE

29. Third-Party Defendants reserves the right to assert any and all additional defenses as may be revealed by further investigation and discovery.

### AS AND FOR A FOURTEENTH DEFENSE

30. If there is found to be any liability on the part of the Third-Party Defendant, which is denied, then Third-Party Defendant claims the benefit of the provisions of the Limitation of Liability Statute, 46 U.S.C. §§ 30505 et seq.

### AS AND FOR A COUNTER-CLAIM AGAINST DEFENDANT/ THIRD-PARTY PLAINTIFF MARINER III OF FLORIDA, INC. FOR CONTRIBUTION AND/OR INDEMNITY

31. Defendant/Third-Party Plaintiff MARINER III of Florida, Inc. had a duty to properly operate a seaworthy vessel in accordance with all U.S. Coast Guard regulations and Inland Rules of the Road.

32. The MARINER III was not in a seaworthy condition on September 2, 2010 when the vessel broke ground as well as while the vessel navigated in the Hudson and East Rivers on that same date.

33. Defendant/Third-Party Plaintiff negligently operated the vessel MARINER III on September 2, 2010.

34. Defendant/Third-Party Plaintiff failed to comply with the applicable Inland Rules of the Road in operating MARINER III on September 2, 2010.

35. Defendant/Third-Party Plaintiff failed to comply with applicable U.S. Coast Guard regulations on September 2, 2010.

36. Defendant/Third-Party Plaintiff improperly held a luncheon aboard a tender vessel, while underway, and/or utilized improper and unsafe dining materials in the course of said luncheon on September 2, 2010.

37.     Defendant/Third-Party Plaintiff acts and/or omissions were causative to any alleged injuries Plaintiff sustained and were a direct result of Defendant/Third-Party Plaintiff's failure to properly navigate a seaworthy vessel in accordance with U.S. Coast Guard regulations and Inland Rules of the Road.

38.     Therefore, if Third-Party Defendants should be found liable to Plaintiff, whether by judgment or settlement, then Third-Party Defendants are entitled to indemnity and/or contribution from Defendant/Third-Party Plaintiff.

**WHEREFORE**, Third-Party Defendants demand that the Third-Party Complaint be dismissed and that judgment be entered in Third-Party Defendants' favor and against the Third-Party Plaintiff herein, together with costs, disbursements and counsel fees incurred; in the alternative, Third-Party Defendants demand that the Defendant/Third-Party Plaintiff be found responsible and/or liable in contribution and/or indemnity for all alleged damages; and that this Court grant such further and other relief to it as the Court deems just and proper.

Dated: New York, New York
       April 13, 2012

                                  HILL, BETTS & NASH LLP

                                  By_____
                                      Thomas M. Rittweger (TMR-0796)
                                      *Attorneys for Third-Party Defendants*
                                      One World Financial Center
                                      200 Liberty Street, 26th Floor
                                      New York, New York 10281-1003
                                      (212) 839-7000

To:     All Parties via ECF